## FREY BROTHERS

v.

## HARRISON & ATCHISON AND J. H. HARRISON.

*Attachment—Fraud—Insolvency—Sales.*

1.  A creditor may accept property in payment of his debt in preference to others, although he knows the debtor is insolvent.
2.  An action upon the debt incurred in the purchase of property amounts to an affirmance of the sale.

[Opinion filed November 23, 1888.]

APPEAL from the Circuit Court of McLean County; the Hon. O. T. REEVES, Judge, presiding.

Messrs. RAYBURN & BARRY and A. E. DE MANGE, for appellants.

The court erred in refusing plaintiff's eighth and ninth propositions. By them the court was asked to hold that a purchaser from one who had obtained title by fraud, before he can claim protection as an innocent purchaser, has the burden of proving that he has actually paid a new and valuable consideration, or has done some other act which, if his purchase were set aside, would place him in a different and worse pecuniary condition than he was in before the purchase, and that he was without notice of the fraud committed by his vendors. This is the law as laid down by Bigelow on Fraud, p. 309; Easter v. Allen, 8 Allen, 7; Hoffman v. Strohecker, 9 Watts, 189.

It is not enough that sale be made on good or *bona fide* considerations; it must be both. Waite on Fraudulent Conveyances, p. 28.

That the burden was on Harrison, the claimant, has been decided by this court and also by our Supreme Court. The claimant must prove by a preponderance of the evidence that the property in question was and is the property of said claimant. Hansen v. Dennison, 7 Ill. App. 77.

The court held in this case that it was error in the trial court to refuse to instruct the jury that the burden was upon the claimants, saying that in a trial of the right of property it devolves on the claimant to affirmatively show that he is the owner. Marshall v. Cunningham, 13 Ill. 20; Craig v. Peak, 22 Ill. 185.

When the evidence of the parties shows the alleged indebtedness to be much less than that named by them in the conveyance, it is a badge of fraud. Peebles v. Horton, 64 N. C. 374; Marriott v. Givens, 8 Ala. 694; Enders v. Swayne, 8 Dana, 105.

And though a conveyance recite a valuable consideration, if the recital is not true in fact, if there is want of satisfactory evidence to establish it, there can be no inquiry into the good faith of the grantee; the fraud must be visited on him. Pickett v. Pepkin, 64 Ala. 524; Clark v. Chamberlain, 13 Allen, 257.

Where a creditor shows *indicia*, or badges of fraud, the burden rests on the grantee to repel the presumption which the facts so shown generate. Wait on Fraudulent Conveyances, p. 311; Harrell v. Mitchell, 61 Ala. 270.

This, Mr. Harrison has failed to do.

Messrs. FIFER & PHILLIPS and GEORGE W. HERRICK, for appellees.

WALL, P. J. This was a proceeding by attachment at the instance of appellants, against Oscar C. Harrison and Charles N. Atchison, upon the alleged grounds of fraud in contracting the debt, and that the defendants had within two years fraudulently disposed of their property. J. H. Harrison interpleaded, claiming that he was the owner of the property attached, by virtue of a purchase from the attachment defendants.

The issues were submitted to the court, a jury being waived, and there was a finding for plaintiffs against the defendants, and a finding for the claimant. The latter finding is the subject of complaint in the present appeal.

The property was sold and delivered to the claimant by the attachment defendants before the writ was issued, for the purpose of paying a debt which the latter owed the former. There is no reasonable ground to doubt that this debt was *bona fide*, and that the transaction was for the real purpose of paying it. The debtor had the right to prefer his creditor, and the latter had a right to be preferred, and to this end he might take the property, even though he knew the debtor was insolvent, and that other creditors would thereby be hindered and delayed. Such a transaction is not in contravention of the statute of frauds.

The plaintiffs, by suing upon the debt incurred in the purchase of the property, seem to have affirmed the sale, and in such case the claimant would not be unfavorably affected by notice of the alleged fraud in which he took no part. Gray v. St. John, 35 Ill. 222; Bump on Fraud. Conveyances, 183–5, 205–6.

The propositions of law submitted to and held by the court were all the appellants could properly ask.

We find no error in the record and the judgment will be affirmed.

*Judgment affirmed.*